**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Scott M. Kerin
Assistant U.S. Attorney
Scott.Kerin@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

September 18, 2025

Alison M. Clark
Attorney At Law, LLC
333 SW Taylor St, Suite 300
Portland, OR 97204

Re: *United States v. Steven Russell Moffatt,* Case No. 3:23-cr-00372-IM
Plea Agreement Letter

Dear Counsel:

This plea agreement is prepared with the understanding that the defendant was responsible for distributing fentanyl that resulted in the death of an adult victim. In Count 1 of the Indictment defendant is currently charged with the Distribution of Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). In exchange for the government not seeking a Superseding Indictment alleging the 20-year mandatory minimum sentence for distributing fentanyl that resulted in the death of Adult Victim 1, defendant agrees to the following plea agreement:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

**2.** **Charges**: The defendant agrees to plead guilty to: **Count 1** of the Indictment which charges him with the felony crime of **Distribution of Fentanyl**, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C); **Count 2** of the Indictment which charges him with the felony crime of **Possession with Intent to Distribute Fentanyl**, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B); and, **Count 5** of the Indictment which charges him with the felony crime of **Possession of a Firearm in Furtherance of a Drug Trafficking Crime**, in violation of 18 U.S.C. § 924(c).

3. **Penalties**: On **Count 1**, the maximum sentence the Court may impose is a term of 20 years' imprisonment, fine of $1,000,000, and at least three years of supervised release. There is also a $100 fee assessment. On **Count 2**, the maximum sentence the Court may impose is a term of 40 years' imprisonment, a fine of $5,000,000, and at least four years of supervised release. There is also a mandatory minimum sentence of five years' imprisonment. The count of conviction carries a $100 fee assessment. Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases. On **Count 5**, the minimum sentence the Court may impose is not less than five years' imprisonment, to run consecutively to any other term of imprisonment, and a maximum term of Life imprisonment, a fine of $250,000, not more than five years of supervised release, and a $100 fee assessment. There is also a $100 fee assessment.

Defendant agrees to pay the fee assessments by the time of sentencing or explain to the Court why this cannot be done. Defendant further stipulates to the forfeiture and abandonment of the assets as set forth below. Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

4. **Dismissal/No Prosecution**: At the time of sentencing the government will ask the Court to dismiss Counts 3 and 4.

5. **Elements and Factual Basis**: The parties agree that the government can prove the following beyond a reasonable doubt:

**For Count 1**:

First, that on or about September 21, 2023, within the District of Oregon, the defendant knowingly and intentionally distributed a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and,

Second, the defendant know it was fentanyl or some other federally controlled substance.

**For Count 2**:

First, that on or about September 27, 2023, within the District of Oregon, the defendant knowingly and intentionally possessed 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and,

Second, the defendant intended to distribute the controlled substance to another person.

**For Count 5:**

First, that on or about October 24, 2023, within the District of Oregon, the defendant committed the felony drug trafficking crime of possession with intent to distribute fentanyl, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(B);

Second, at the time he committed the felony drug trafficking crime alleged above, the defendant knowingly possessed a firearm, to-wit: a Smith & Wesson M&P .380 caliber pistol, serial number NKA4979; and,

Third, the defendant possessed the firearm in furtherance of the drug trafficking crime alleged above.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant agrees that he has committed each of the elements of the crime to which defendant is pleading guilty, admits there is a factual basis for defendant's guilty plea, and that the government could prove the elements true beyond a reasonable doubt at trial.

The defendant admits that on or about **September 21, 2023**, here within the District of Oregon, he distributed fentanyl to another individual, to-wit: Adult Victim1, and that on or about September 26, 2023, Adult Victim 1 used the fentanyl defendant sold him and the use of that fentanyl resulted in Adult Victim 1's death. During a subsequent interview the defendant admitted that he sold fentanyl to Adult Victim 1. Fentanyl is a Schedule II controlled substance.

The defendant also admits that on or about **September 27, 2023**, here within the District of Oregon, the defendant showed up to complete a drug deal with who he thought was Adult Victim 1 and he was arrested by law enforcement. When he was arrested the defendant was in possession of approximately 49.4 grams of counterfeit M30 pills manufactured with fentanyl, approximately 97.9 grams of powdered fentanyl, a digital scale, and a Ruger .380 caliber pistol. In addition to defendant's statements about being a fentanyl dealer, trained law enforcement investigators would testify that the amount of fentanyl seized also indicated it was possessed for purposes of further distribution.

Defendant also admits that on or about **October 24, 2023**, within the District of Oregon, he again possessed approximately 74.2 grams of a mixture and substance containing fentanyl for

purposes of further distribution and in furtherance of that drug trafficking crime, for which he may be prosecuted in a court of the United States, that is Possession with the Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(l) and 841(b)(1)(B), he knowingly possessed a firearm, to-wit: a Smith & Wesson M&P .380 caliber pistol, serial number NKA4979. Law enforcement investigators would also testify that the amount of fentanyl defendant possessed indicated that it was possessed for purposes of further distribution. Investigators would also testify that drug dealers regularly possess firearms in furtherance of their drug trafficking activities and that firearms are considered "tools of the trade" that are used by drug traffickers to provide protection against being robbed of their drugs and the cash they make from selling drugs.

6. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7. **Base Offense Level**:

A. For Counts 1 and 2, the parties agree that defendant's relevant conduct, pursuant to U.S.S.G. §§ 1B1.3 and 2D1.1(a), results in an initial **Base Offense Level of 24.**

B. For Count 5, pursuant to U.S.S.G. § 2K2.4(b), the defendant's guideline sentence will be determined by the term of imprisonment required by statute, which in this case is 60 months' imprisonment.

8. **Dangerous Weapon Adjustment**: For Count 2, because a **dangerous weapon** was possessed in connection with the offense, pursuant to U.S.S.G. § 2D1.1(b)(1), the parties agree that defendant's offense level should be increased by **two-levels**.

9. **Upward Variance/Adjustment due to a Resulting Death**: On Count 1, because a death resulted from defendant's commission of the offense the government will seek an upward variance/adjustment in defendant's otherwise advisory sentencing guidelines, pursuant to 18 U.S.C. § 3553(a).

10. **Guidelines Calculations are Estimates Only**: The guideline calculations above are set forth as estimates only and the parties understand that the final guideline calculations and Criminal History Category will be determined by the Court following the receipt of a Presentence Report and these initial estimates are not binding upon the parties. There is no

agreement as to the defendant's criminal history or the applicability of any other Sentencing Guideline adjustments.

11. **Crime Victims' Rights Act**: Since the government is agreeing to forgo moving forward with seeking an enhanced charge for distribution resulting in death, the defendant agrees that all victims' rights pursuant to 18 U.S.C. § 3771 apply in this case, to include restitution for the victim's family.

12. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a **three-level reduction** in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1. **Even with his acceptance of responsibility, defendant understands that the Court is required to impose the mandatory minimum sentences of 60 months' imprisonment that are required on Counts 2 and 3 and that the 60-month mandatory minimum sentence on Count 3 shall run consecutive to the 60-month mandatory minimum sentence on Count 2.**

13. **Sentencing Recommendation**: There is no agreed upon sentence in this case. The government will seek a sentence within the range of imprisonment allowed by statute.

14. **Additional Departures, Adjustments, or Variances**:

A. **Defendant reserves the right to seek a downward departure, adjustment, or variance** from the applicable sentencing guideline range determined by the Court and understands that the government reserves its right to oppose such a request. **Defendant also understands that the Court is required to impose consecutive mandatory minimum sentences on Counts 2 and 3 for a minimum total sentence of 120 months' imprisonment.**

B. Defendant agrees that, should defendant seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, defendant will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the

government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if defendant fails to comply with this notice requirement, defendant will not oppose a government motion for a postponement of the sentencing hearing.

15. **Forfeiture of Property**:

A. **Assets and Authority**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c), to include the firearms, ammunition, and cash that constitute the proceeds of defendant's criminal activity or were used to facilitate defendant's criminal activity in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c).

B. **Agreement to Civil Forfeiture**: Defendant agrees not to file a claim or withdraw any claim already filed to any of the listed property in any civil proceeding, administrative or judicial, which has been or may be initiated. Defendant further waives the right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding.

C. **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

D. **Title Assistance**: Defendant agrees to fully assist the USAO in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer defendant's interest in any of the above property to the United States, and assist in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary

to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

E. **Assets Not Identified**: The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible, are subject to forfeiture.

F. **Final Order of Forfeiture**: Defendant agrees not to contest entry of a Final Order of Forfeiture reflecting these forfeiture terms at the conclusion of the criminal case.

16. **Abandonment of Firearm/Ammunition**: By signing this agreement, defendant hereby voluntarily abandons all right, title, and interest to the firearms, ammunition, and other property that was seized in this case.

17. **Restitution**: Defendant and the government agree to request the court order the defendant to pay full restitution to a designated family member of the deceased victim for expenses related to the victim's death. The parties agree that the court should determine the correct amount to be ordered following the presentence investigation and that the amount be imposed as a joint and several liability to be shared with any other defendant ordered to pay restitution relating to the death of the victim. The defendant agrees that any money in his current possession and/or control or that was in his possession and/or control at the time of his arrest that has not been forfeited will be applied toward his fee and restitution obligations at the time of sentencing.

18. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that [any of] defendant's conviction(s) under this agreement are vacated, the government may reinstate

and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

19. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

20. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

21. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

22. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

Sincerely,

SCOTT E. BRADFORD
United States Attorney

/s/ *Scott Kerin*

SCOTT M. KERIN
Assistant United States Attorney

**Acceptance of Plea Agreement**

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

9·25·25
Date

Steven Russell Moffatt
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

9/25/25
Date

Alison Clark
Attorney for Defendant